IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NAKREISHA MCFARLAND, et al.,

          Plaintiffs,         OPINION AND ORDER

   v.                    20-cv-583-wmc

HOUSING AUTHORITY OF RACINE COUNTY,
and MICHAEL SCHATTNER,

          Defendants.

In this civil action, *pro se* plaintiff Nakreisha McFarland, individually and on behalf of her minor children, are seeking to enjoin defendant Housing Authority of Racine County ("HARC") from terminating her Section 8 housing voucher, and defendant Michael Schattner from evicting them from Schattner's rental property. As context, McFarland and her children received rental assistance for housing in Racine County through the Housing Choice Voucher Program promulgated under Section 8 of the Housing Act of 1937. Defendants seek to dismiss plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(3), based on improper venue, or, alternatively, to transfer venue to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1406(a). (Dkt. ##7, 11.) Although it appears that venue is improper in this district, before the court grants defendants' motions on that ground, it will require defendant Schattner to supplement his motion with evidence of his domicile.

ALLEGATIONS OF FACT[1]

The Housing Choice Voucher Program for Racine County ("Voucher") is administered by HARC.  (*Id*.)  Using the Voucher, McFarland rented a property from Schattner located in Racine, Wisconsin.  (*Id*.)  Upon termination of the Voucher and eviction from the rental property, McFarland filed a motion for injunctions and declaratory relief in this court seeking to enjoin HARC from terminating her Voucher and Schattner from evicting her and her children from his rental property.  (Dkt. #1-8.)

OPINION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located."  The district court in which a case is filed laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought.  28 U.S.C. 1406(a).

To start, venue is not proper in this district under § 1391(b)(2), since the events giving rise to plaintiffs' claims occurred in the Eastern District of Wisconsin, and the property at issue in this case is located in that district as well.  Racine County is located in the Eastern District of Wisconsin, 28 U.S.C. § 130(a).  Plaintiffs' claim concerns

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and making reasonable inference in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

termination of the Voucher issued by HARC and the eviction from the property that she rented with the Voucher.  HARC administers the Voucher in Racine County, and the rental property that plaintiffs were evicted from is located in Racine County.  (Dkt. #1-3.)

However, a question remains as to whether venue may be proper in this district under § 1391(b)(1).  For venue purposes, a natural person that is a resident of the United States is deemed to reside in the judicial district in which that person is domiciled.  28 U.S.C. § 1391(c)(1).  A defendant entity is deemed to reside in the district where it is subject to the court's personal jurisdiction.  *Id.* § 1391(c)(2).  Plaintiffs allege that HARC is located in Racine County and conducts business in Racine County, so the court accepts that HARC is a resident of the Eastern District of Wisconsin for purposes of venue. However, plaintiffs allege that Schattner owns property and has an office in Racine County, but plaintiffs have not specifically alleged Schattner's personal residence or domicile, nor has Schattner submitted evidence confirming that his domicile is also in Racine County.

The court notes that plaintiffs' arguments in opposition to defendants' motion do not suggest that Schattner's domicile may render venue in this district proper.  Instead, plaintiffs oppose the motion because they believe that they will not have equal access to e-filing in the Eastern District of Wisconsin and that that court's bias will affect the outcome of this case.  (Dkt. #14-3.)  However, plaintiffs' access to the filings in this action will not be affected by transferring venue to the Eastern District.  Moreover, plaintiffs' claim of bias lacks factual support and is not a basis to find venue proper.  *See Tran v. Timberlake*, No. 09-cv-507-bbc, 2009 WL 4110441, at *2 (W.D. Wis. Nov. 23, 2009) ("As for

plaintiffs' motion for transfer venue, they offer no basis for transfer other than bias, which is not a ground for transfer.").

As such, it appears all but certain that venue is improper in this district. Nonetheless, as the moving party, it is Schattner's burden to demonstrate venue is improper.  Therefore, the court will require Schattner to supplement his motion with evidence related to his residency.  *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) (in resolving motion to dismiss for improper venue, the court may consider allegations in the complaint and information submitted in affidavits).  Schattner will be directed to submit this supplement within two weeks of the date of this order, at which point the court will promptly resolve this motion.


ORDER

IT IS ORDERED that Defendant Schattner has until **March 11, 2021**, to supplement his motion to dismiss or transfer with evidence related to his residency within Wisconsin.

Entered this 25th day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4